UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRISHA BELL,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF O'FALLON et al.,<br><br>        Defendants. | Case No. 3:23-cv-3745-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a Motion to Remand. (Doc. 13). The Plaintiff filed their motion on December 6, 2023. As the Court has authority to extend supplemental jurisdiction over the state Freedom of Information Act claim, and the Court chooses to exercise that authority here, the Motion to Remand is **DENIED**.

The Plaintiff filed their case in state court alleging that O'Fallon police officers, while conducting a police raid on a building the Plaintiff has an interest in, intentionally fired their guns at the building and destroyed security cameras (Count 2). Additionally, that the Defendants tried to conceal or otherwise hide information from the Plaintiff related to the incident, which amounted to a violation of the Illinois Freedom of Information Act (Count 1). After filing their motion to remand, the Plaintiff amended their complaint to add a third count naming an additional defendant, Keaton Wright, for allegedly firing the shotgun that caused the damage.[1]

The Defendant removed this case, arguing that the Court has original and supplemental jurisdiction over this action. (Doc. 1). The Plaintiff argues that while this Court has original jurisdiction over Count 2, the Court does not have jurisdiction over Count 1 because it is a claim

---

[1] As the City of O'Fallon was the only defendant at the time of removal, the Court shall use the singular "Defendant" in this order.

arising under state law. The Plaintiff also claims that Count 1 "aside from involving the same parties, has no factual or legal overlap" with Count 2. (Doc. 13). The Plaintiff argues, because the Defendant did not explain *why* the Court has supplemental jurisdiction over Count 1, that there is a procedural defect in the notice of removal, the Court cannot exercise jurisdiction over Count 1, and, therefore the case in its entirety "must be remanded [or] . . . . at a minimum, this Court *must* sever and remand Count 1." (Doc. 13).

As courts of limited jurisdiction, federal courts may adjudicate claims arising under federal law or claims between citizens of different states for over $75,000. However, federal courts may also exercise supplemental jurisdiction over claims that would ordinarily be outside a federal court's jurisdiction if those other claims "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Under 28 U.S.C. 1441(c) the Court is required to sever State and Federal claims if the action includes "a claim arising under the Constitution, laws, or treaties of the United States . . . and a claim *not* within the original *or supplemental* jurisdiction of the district court or a claim that has been made nonremovable by statute." 28 U.S.C. §§ 1441(c)(A), 1441(c)(B) (emphasis added).

The Plaintiff believes that the Defendants should have explained why the Court has supplemental jurisdiction over Count 1 in their notice of removal. Failure to adequately explain why supplemental jurisdiction exists, according to the Plaintiff, is a procedural defect that must result in remand.

The Plaintiff is incorrect.

As the Plaintiff writes in their motion, jurisdictional statements should be "short and plain." (Doc. 13). It would be inappropriate for a removing party to pre-litigate removal in a short and plain jurisdictional statement. If removal is disputed then the Court will hear arguments

as to why it does not possess jurisdiction, but removing parties are not required to pre-litigate jurisdiction. To remand cases purely because a removing party adheres to the rule of a "short and plain jurisdictional statement" would run counter to the removal statute. *See* 28 U.S.C. § 1446(a).

Additionally, claiming supplemental jurisdiction already acts as a sufficient premise for jurisdiction because two claims *must* include a common nucleus of operative fact for supplemental jurisdiction to be valid. In other words, without a valid, related federal claim, a Court cannot exercise supplemental jurisdiction. Therefore, when a lawsuit is composed of only two claims—one Federal and one State—and the removing party explicitly states that the Court has original jurisdiction over the Federal claim and may exercise supplemental jurisdiction over the State claim; the removing party *necessarily* asserts that the two claims have a common nucleus of operative fact. Therefore, asserting that supplemental jurisdiction exists is not vague enough to warrant remand.

Turning to the substance of the Plaintiff's claims—that the Court "must" remand or sever the State claim because the claims are only slightly related to one another—the Plaintiff's position is unsupported by their own actions. The Plaintiff filed both claims under the same lawsuit and the recitation of facts in Count 1 mirror Count 2. Ostensibly, if the claims were only tangentially related to each other, it seems odd that the Plaintiff would have filed the claims in the same action originally or that they would both involve identical facts.

Regardless, the Plaintiff describes their claims as a civil rights violation and an attempted obstruction or coverup. It is difficult to see how these two claims could *not* be sufficiently related to one another. When one mentions "Watergate," for example, generally one refers not only to the break-in at the DNC Headquarters at the Watergate Office Building in 1972, but also the ensuing cover-up and political scandal. A cover up cannot happen without an inciting incident—

as the Plaintiff's own complaint demonstrates by enumerating the facts relevant to Count 1. Thus, separating the inciting incident from the alleged cover-up would be counterintuitive, inefficient, and costly—especially when the parties are the same and the claims relate to the same or similar set of facts. Therefore, this Court can, and shall, extend supplemental jurisdiction over Count 1. Accordingly, this Court has jurisdiction over this matter.

## **CONCLUSION**

Finding that the Notice of Removal contains no procedural defects and that the Court may assert supplemental jurisdiction over Count 1 of the Complaint, the Court hereby exercises its authority to extend supplemental jurisdiction over Count 1 of the Complaint. As the Court has jurisdiction over this matter, the Plaintiff's Motion to Remand, (Doc. 14), is **DENIED**.

**IT IS SO ORDERED.**
**DATED:  May 28, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**